L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin IV
8730 Wilshire Blvd.
Suite 310
Beverly Hills, CA 90211
800-219-3577
323-207-3885
pmankin@paulmankin.com

Attorney for Plaintiff **ANDREA FRANKS**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. SACV13-1398-CJC(ANx)

ANDREA FRANKS, an individual

Plaintiff,

vs.

CORELOGIC, INC.; LVNV FUNDING, LLC; CREDIT ONE BANK, N.A.; AND DOES 1 THROUGH 10,

Defendant.

**COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681,** *et seq.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

ANDREA FRANKS ("Plaintiff"), through her attorney, The Law Office of L. Paul Mankin alleges the following against CORELOGIC, INC ("CL"), LVNV FUDNING, LLC ("LVNV"), and CREDIT ONE BANK, N.A. ("COB"), collectively referred to as ("Defendants").

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Report Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURSIDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appreciate United States District Court, without regard to the amount in controversy."

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants transact business here, and in that the conduct complained of occurred here.

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## II. PARTIES

4. Plaintiff is a natural person residing in Los Angeles County in the State of California, and is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant CL disburses such consumer reports to third parties under a contract for monetary compensation.

7. Upon information and belief, Defendant CL is a United States corporation, incorporated under the laws of California authorized to do business in the State of California.

8. Upon information and belief, Defendant CL is a "consumer reporting agency" as defined 15 U.S.C. § 1681(f). Upon information and belief, Defendant CL is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumers reports, as defined in 15 U.S.C. § 1681(d).

9. Upon information and belief Defendant LVNV is a debt buyer that purchases consumer debt to collect for profit and is authorized to do business in the State of California.

10. Upon information and belief Defendant COB is a national bank, authorized to do business in the State of California, as a consumer credit card lender.

11. At all times pertinent hereto, Defendants were "person(s)" as that term is defined by 15 U.S.C. § 1681a(b).

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureities, subrogees, representatives, and insurers.

13. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive.

14. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

15. On September 4, 2012, and on April 18, 2013, Plaintiff obtained her tri-merge consumer credit report from Defendant CL for review because she believed there were several inaccuracies that were negatively impacting her credit score.

16. Upon review of her consumer credit report provided by Defendant CL Plaintiff found several inaccuracies relating to the dates of her last payments and the dates for when some of her accounts were placed in collection.

17. Consequently, on October 18, 2012, Plaintiff mailed a dispute letter to the three major credit bureaus disputing the information that she found, and on June 6, 2013, Plaintiff mailed a letter entitled Dispute and Request for Verification of Information pursuant to FCRA 15 U.S.C. § 1681i to Defendant CL disputing the following information.

### A. DISPUTED INFORMATION FOR LVNV ACCOUNT ENDING IN 4232

18. Plaintiff's consumer tri-merge credit report from Defendant CL list two accounts held by Defendant LVNV. One account ending in 4232 and the other ending in 8219.

19. On information and belief, with respect to LVNV account ending in 4232, Plaintiff believes the account was submitted to collections on or about January 2009. However, Plaintiff's tri-merge consumer credit report from Defendant CL states that as of April 18, 2013, the account was submitted to collection on or about February 2013.

20. Following Plaintiff's dispute letter to Defendant, Plaintiff's July 19, 2013 tri-merge consumer report states that the same account was submitted to collection on July 2013.

### B. DISPUTED INFORMATION FOR LVNV ACCOUNT ENDING IN 8219

21. Similarly, on information and belief, Plaintiff believes that her LVNV account ending in 8219 was sent to collections on or about December 2011, and that her last payment was made on or about June 2008.

22. Following Plaintiff's dispute letter to Defendant CL, Plaintiff's tri-merge consumer credit report dated July 19, 2013 from Defendant CL states that the same account was submitted to collections on or about November 2012, and that her last delinquent payment date was also on or about November 2012.

### C. DISPUTED INFORMATION FOR CREDIT ONE ACCOUNT ENDING IN 2719

23. On information and belief, Plaintiff believes that her last delinquency date for her Credit One account ending in 2719 was June of 2008.

24. Plaintiff's tri-merge consumer credit report from Defendant CL dated September 4, 2012, stated Plaintiff's Credit One account last delinquent date was January 2009.

25. Following Plaintiff's dispute letter to Defendant CL, Plaintiff's July 19, 2013 consumer credit report from Defendant CL states a final delinquent date of December 2008 rather than June 2008.

## COUNT I: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681(e)(b)
### (Against Defendant CL)

26. Plaintiff reincorporates by reference all of the preceding paragraphs.

27. Defendant CL violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of a consumer credit report and the credit files it published and maintains concerning Plaintiff.

28. As a result of this conduct, action, and inaction of Defendant CL, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, humiliation, worry, fear, and embarrassment.

29. Defendant CL's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant CL was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

30. Plaintiff is entitled to recover costs and attorney's fees from Defendant CL in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
### (Against Defendant CL)

31. Plaintiff reincorporates by reference all of the preceding paragraphs.

32. Defendant CL violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant

information to Defendant LVNV and Defendant COB; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification form a source it has reason to know is unreliable.

33. As a result of this conduct, action, and inaction of Defendant CL, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, humiliation, worry, fear, and embarrassment.

34. Plaintiff is entitled to recover costs and attorney's fees from Defendant CL in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)
### (Against Defendant LVNV and Defendant COB)

35. Plaintiff reincorporates by reference all of the preceding paragraphs.

36. On information and belief, Defendant CL and the three major credit bureaus notified Defendant LVNV and Defendant COB of Plaintiff's dispute.

37. Defendant LVNV and Defendant COB violated the FCRA, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding the same; by failing to accurately respond to Defendant CL; by failing to correctly report results of an accurate investigation to Defendant CL; by failing to correct its own internal records to prevent the re-reporting of misrepresentations to Defendant CL regarding Plaintiff's accounts.

38. As a result of this conduct, action and inaction, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, humiliation, worry, fear, and embarrassment.

39. Defendant COB's and LVNV's conduct, action, and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants COB and LVNV were negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Defendants COB and LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FCRA;
B. Actual damages;
C. Statutory damages;
D. Costs and reasonable attorney's fees;
E. Punitive damages; and
E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this August 28, 2013

By: _____
L. Paul Mankin, Esq.
Law Office of L. Paul Mankin IV,
Attorney for Plaintiff